UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CLAUDE COX                                                                         PLAINTIFF

v.                                         LEAD CIVIL ACTION NO. 5:10CV-P148-R

TRAVIS TRIBONE                                                DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff, a convicted inmate currently incarcerated in the Kentucky State Penitentiary ("KSP"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against KSP Nurse Travis Tribone in his individual capacity.

Plaintiff reports that on May 22, 2010, at 10:15 p.m., he was having "real bad chest pain." He advises that he told the 2nd-Shift Officer who called the 2nd-Shift Nurse (presumably Defendant Nurse Travis Tribone). The nurse did not show. Then at 10:30 p.m., the nurse was called a second time, but the nurse did not check on Plaintiff. Someone from the midnight shift called the nurse around 11:00 p.m., but the nurse still did not show. Plaintiff advises that the only time the nurse went to his cell was at 4:00 a.m. the next morning to give him his iron pill and vitamins.

Plaintiff mentions that he has "heart trouble" and feels like his life is in danger because he believes he cannot get the proper medical treatment at KSP. He reports that he has even been in contact with the FBI in Washington, D.C., and with the Kentucky State Police in order to get

medical assistance.  He ultimately alleges that he cannot get medical treatment at KSP "unless I have to pay $3.00 that I do not feel I should not be charged my life i[s] worth more then $3.00."

As relief, Plaintiff seeks monetary damages and injunctive relief in the form of being transferred to the Kentucky State Reformatory; being checked out whenever he is having chest pain; and being sent "to the outside hospital were I can get all the medical treatment that I need and I have asked for them too check my heart out with xray's and E-K-G-'s and other tests on my heart."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

In the context of a § 1983 claim for inadequate medical care, prison officials and employees violate a prisoner's civil rights under the Eighth Amendment if they are deliberately

3

indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "An Eighth Amendment claim has two components, one objective and one subjective." *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001).

To satisfy the objective component, "'the inmate [must] show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Blackmore v. Kalamazoo County*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[T]he evidence need only show that 'the medical need at issue is sufficiently serious.'" *Blackmore*, 390 F.3d at 896 (quoting *Farmer*, 511 U.S. at 834). To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Comstock*, 273 F.3d at 702-03.

Plaintiff complains of one incident involving Defendant Tribone. That incident occurred over a period of a few hours on one occasion in May 2010, and the reported chest pains apparently went away on their own. Plaintiff does not complain of any further chest pain, any further inaction by Defendant Tribone, or any problems resulting from that incident.

Additionally, with respect to his undisclosed "heart condition," Plaintiff does not allege that he has not received any treatment; he merely claims that he cannot "get all the medical treatment that [he] need[s]," including x-rays, EKG's, and "other test's on [his] heart." A patient's disagreement over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable under § 1983. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 816 n.13 (6th Cir. 1996); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The question of whether diagnostic techniques or other forms

4

of treatment are indicated is a classic example of a matter for medical judgment. At most, a medical decision not to order an x-ray or like measures represents medical malpractice. *Estelle*, 429 U.S. at 107. "[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106.

Finally, Plaintiff broadly claims, without providing any facts in support, that he cannot get medical treatment unless he pays a $3.00 co-pay. He does not claim that he cannot pay. He just believes he should not have to pay. Medical co-pays, however, have been held constitutional. *See Bailey v. Carter*, 15 F. App'x 245 (6th Cir. 2001). Plaintiff further fails to allege either that he was charged a co-pay on May 22nd or that he was denied treatment by Defendant Tribone due to any failure to pay a co-pay.

For the reasons set forth above, Plaintiff has failed to state a constitutional claim upon which relief may be granted against Defendant Tribone. The action, therefore, must be dismissed.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005